**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 13 2014**

_____
Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-30949 |
| | ) | |
| Eric V. Jelinger, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 12-3156 |
| | ) | |
| AFF Ohio, LLC, | ) | Successor Judge |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Eric V. Jelinger, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER REGARDING MOTION FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS

Plaintiff commenced this adversary proceeding by filing its Complaint for Dismissal under 11 U.S.C. § 707(b)(1) and/or to Deny Discharge pursuant to 11 U.S.C. § 523(a)(2)(B) ("Complaint"). This proceeding is now before the court on Defendant's motion for summary judgment as to Plaintiff's first cause of action brought under § 707(b)(1) and for judgment on the pleadings as to Plaintiff's second cause of action brought under § 523(a)(2)(B) ("Motion"), [Doc. # 31], Plaintiff's opposition [Doc. # 36], and Defendant's reply [Doc. # 37].

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b)

as a civil proceeding arising under a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability of debts and dismissal under § 707(b) are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I), (J) and (O).

For the reasons that follow, Defendant's Motion will be granted and judgment on the complaint will be entered in favor of Defendant unless Plaintiff timely files a motion to amend the complaint that is subsequently granted by the court.

**A. Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012, is granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012). The proper standard for deciding a Rule 12(c) motion is the same as for a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Comm'l Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 326 (6th Cir. 2007). Under that standard, the court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Id.* The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id.* To state a valid claim, the complaint must contain direct or inferential allegations respecting all the material elements of the party's claim. *Id.*

Defendant moves for judgment on the pleadings with respect to Plaintiff's second cause of action brought under 11 U.S.C. § 523(a)(2)(B), which provides that a Chapter 7 discharge does not discharge an individual debtor from any debt –

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> . . . .
>     (B) use of a statement in writing–
>         (i) that is materially false;
>         (ii) respecting the debtor's or an insider's financial condition;
>         (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>         (iv) that the debtor caused to be made or published with intent to deceive.

The elements of a § 523(a)(2)(B) claim thus include not only that debtor made a false statement regarding his financial condition but also that the debt owed to the creditor was obtained as a result of the creditor's

reasonable reliance on the false statement.

In this case, Plaintiff alleges that it is a holder of a secured claim arising from a prepetition promissory note and mortgage. [Doc. # 1, Complaint, ¶ 7]. Paragraphs 8 through 19 of the Complaint specifically set forth the statements allegedly relied upon by Plaintiff, all of which are allegedly false statements in Defendant's bankruptcy schedules. Defendant correctly argues that, even assuming the truth of Plaintiff's allegations that such statements are false, the prepetition debt owed to Plaintiff could not be a debt owed for money obtained as a result of Plaintiff's reliance on statements made in connection with Defendant's bankruptcy petition and schedules. Plaintiff offers no argument in opposition to Defendant's motion with respect to the § 523(a)(2)(B) claim. The court thus finds that Defendant is entitled to judgment as a matter of law on Plaintiff's § 523(a)(2)(B) claim. To the extent Defendant moves for judgment on the pleadings as to this claim, his Motion will be granted.

**B. Motion for Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

The first cause of action of Plaintiff's Complaint alleges that the majority of Defendant's debts set forth in the underlying Chapter 7 case are consumer debts, that many of Defendant's Schedule J expenses are not necessary for the maintenance of Defendant, that Defendant "is required to meet the means test set forth in § 707(a)(2) (sic) to qualify for discharge," and that "[d]ue to his failure to meet the means test requirements," Defendant's bankruptcy petition should be dismissed. [Doc. # 1, Complaint, ¶ 6]. In light of the caption of the Complaint as a "Complaint for Dismissal under 11 U.S.C. § 707(b)(1)" and Plaintiff's

reference to the means test, which is set forth in § 707(b), not § 707(a), the court assumes Plaintiff's reference to § 707(a)(2), which addresses dismissal for nonpayment of fees or charges required under chapter 123 of title 28, is simply an error and was meant to be § 707(b).

Under § 707(b), on a motion by a party in interest and after notice and a hearing, a court may dismiss a case filed by an individual debtor "whose debts are primarily consumer debts" if the court finds that granting the debtor a discharge would be an abuse of the provisions of Chapter 7. 11 U.S.C. § 707(b)(1). Subsection 707(b)(2) sets forth what is known as the means test to determine whether the court must presume that abuse exists.

Under the express terms of § 707(b), however, that subsection applies only to individual debtors whose debts are "primarily consumer debts." 11 U.S.C. § 707(b)(1); *see, e.g. United States Trustee v. Mohr*, 436 B.R. 504, 511 (S.D. Ohio 2010) ("To become involved in section 707(b), the debtor must first have primarily consumer debts."). Consumer debt is defined as "debt incurred by an individual primarily for a personal, family or household purpose." 11 U.S.C. § 101(8). Courts have generally held that debts are primarily consumer debts when a debtor's consumer debts exceed fifty percent of the total debt. *See, e.g., Stewart v. U. S. Trustee (In re Stewart),* 175 F.3d 796, 808 (10th Cir. 1999); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 913 (9th Cir. 1988); *In re Hlavin ,* 394 B.R. 441, 447-48 (Bankr. S.D. Ohio 2008); *In re Martinez*, 171 B.R. 264, 266 (Bankr. N.D. Ohio 1994).

In support of his motion for summary judgment, Defendant argues that his bankruptcy schedules show that his scheduled debts are not primarily consumer debts. The court takes judicial notice of the contents of its case docket and the Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it). Defendant's bankruptcy schedules show secured debt in the total amount of $2,324,569.32 and unsecured debt in the total amount of $385,959.00. [Case No. 12-30949, Doc. # 1, pp. 14-15, 18-19]. The amount of Defendant's total debt is, therefore, $2,710,528.32. *See U.S. Trustee v. Mohr* 436 B.R. 504, 512 (S.D. Ohio 2010) (stating that bankruptcy court "must use the amount listed on the Debtors' schedules to determine whether the debtor has primarily consumer or business debts for purposes of applying section 707(b)").

The total debts scheduled by Defendant includes the debt owed to Plaintiff, described as a debt for a "commercial guaranty of Golden Apple Ltd." in the amount of $893,353.72, [Case No. 12-30949, Doc. # 1, pp. 14/50], and a debt owed to Huntington Bank, described as a debt as "Guarantor of This, LLC loan obligation" in the amount of $314,236.00, [Case No. 12-30949, Doc. # 1, p. 19/50]. As debts relating to

4

guarantees on corporate debt, such debts were clearly not incurred for personal or household purposes and, thus, are not consumer debts. Defendant's schedules also show debts owed to the Internal Revenue Service in the amount of $340,990.00 and to the State of Ohio Department of Taxation in the amount of $3,024.00. Considering the meaning of "consumer debt" as defined in § 101(8), albeit in the context of the co-debtor stay provision of § 1301(a) relating to consumer debts, the Sixth Circuit has concluded, as have other courts, that income tax debts are not "consumer debts." *Internal Revenue Serv. v. Westberry*, 215 F.3d 589, 591 (6th Cir. 2000) (explaining that, among other things, "consumer debt is incurred for personal or household purposes, . . . while taxes are incurred for a public purpose"); *see also In re Brashers*, 216 B.R. 59, 60-61 (Bankr. N.D. Okla. 1998) (citing cases and finding tax debt does not constitute a consumer debt in the context of § 707(b)). Total non-consumer debts thus total $1,551,603.72, which is more than fifty percent of the Defendant's total debt of $2,710,528.32. Because Defendant's debts are not primarily consumer debts, § 707(b) does not apply, and Plaintiff is entitled to judgment as a matter of law on Plaintiff's first cause of action brought under that subsection.

In its opposition, Plaintiff presents no argument or evidence in support of its § 707(b) claim. Instead it presents evidence unrelated to its allegations in the Complaint and asks the court to deny Defendant's Motion "because he is not entitled to a discharge under Bankruptcy Code Section 707(a)." [Doc. # 36, p.1]. Plaintiff asks that it be allowed to amend its complaint to include a count under § 707(a) if the court deems an amendment necessary.

As Plaintiff's Complaint does not allege or put Defendant on notice of a § 707(a) claim, such a claim cannot be the basis for granting relief in this proceeding unless the Complaint is amended. Although Plaintiff asks for leave to amend the Complaint in its Opposition, such a request is procedurally improper and must be made by separate motion to which Defendant may then respond. Given that the upcoming trial in this proceeding is scheduled to begin on April 9, 2014, any motion to amend the Complaint must be filed expeditiously. Although the court will grant Plaintiff leave to file a motion to amend the Complaint, for the reasons stated in this opinion, Defendant's Motion will be granted as to Plaintiff's claims brought under § 707(b) and § 523(a)(2)(B). Final judgment in this proceeding will be entered in favor of Defendant unless Plaintiff files a motion to amend the complaint in accordance with this order and the motion to amend is granted.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment With Memorandum In Support [Doc. # 31] be, and hereby is, **GRANTED**; and

**IT IS FURTHER ORDERED** that any Motion to Amend Complaint must be filed within three

(3) days of the date of this order, absent which final judgment in this proceeding will be entered. Defendant shall file his opposition to any Motion to Amend Complaint within seven (7) days after the motion is filed.

###