**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated: April 2 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-30949 |
| | ) | |
| Eric V. Jelinger, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 12-3156 |
| | ) | |
| AFF Ohio, LLC, | ) | Successor Judge |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Eric V. Jelinger, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

This adversary proceeding came before the court for hearing on Plaintiff's Motion for Leave to File Amended Complaint ("Motion") [Doc. # 44] and Defendant's opposition [Doc. # 45]. Attorneys for Plaintiff and Defendant appeared in person. For the reasons that follow and those stated at the hearing, the Motion will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

This adversary proceeding was commenced on August 24, 2012. In its complaint, Plaintiff alleged claims under 11 U.S.C. § 707(b) and 523(a)(2) based upon alleged misstatements by Defendant regarding expenses stated in his bankruptcy schedules. In his answer, Defendant stated, among other things, that

"taking into consideration all of the debts and obligations of the Defendant, including the obligation on account of the Plaintiff's Claims and the Internal Revenue Service, the majority of the Defendant's debt is primarily business in nature rather than consumer in nature and therefore 11 U.S.C. 707(b)(1) and the means test is not applicable to the Related Proceeding." [Doc. # 3, p. 4]. Likewise, Plaintiff's petition in the underlying bankruptcy case states that his debts are primarily business debts. [Case No. 12-30949, p. 1].

Pursuant to a scheduling order entered pursuant to Fed. R. Bankr P. 7016 and Fed. R. Civ. P. 16(b), all discovery was required to be completed by February 28, 2014, and any dispositive motions were required to be filed by January 15, 2014. [Doc. # 28]. The order scheduled trial on the complaint for April 9 and 10, 2014. [*Id.*].

Defendant filed his motion for summary judgment and judgment on the pleadings on January 15, 2014, arguing not only that Plaintiff failed to state a claim under § 523(a)(2) but also that Defendant's debts are primarily business debts and § 707(b) is inapplicable since that subsection applies only to debtors whose debts are primarily consumer debts. The court agreed and granted Defendant's motion on March 13, 2014. In its opposition to Defendant's motion, Plaintiff had asked for leave to amend its complaint. The court denied Plaintiff's request as being procedurally improper, stating that judgment in this proceeding would be entered unless Plaintiff filed a motion to amend its complaint in accordance with the court's order and the motion to amend is granted. [Doc. # 42].

Plaintiff filed its motion to amend the complaint on March 17, 2014, as permitted by the court's order. Its proposed amended complaint asserts a claim under 11 U.S.C. § 707(a). It alleges no facts alleged in the original complaint; rather, the factual allegations focus primarily on Plaintiff's assets and a failure to include certain assets in Defendant's bankruptcy schedules.

## LAW AND ANALYSIS

Generally, while under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave" to amend a complaint "when justice so requires," the Sixth Circuit has recognized that a different standard applies when a proposed amendment is so late that it would require the modification of a scheduling order entered pursuant to Rule 16 of the Federal Rules of Civil Procedure. *Korn v. Paul Revere Life Ins.* Co., 382 Fed. Appx. 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 905-09 (6th Cir. 2003)). These rules are made applicable in adversary proceedings by Rules 7015 and 7016 of the Federal Rules of Bankruptcy Procedure.

In *Leary*, the court found that the district court did not abuse its discretion in denying the plaintiffs' motion to amend their complaint where they sought to recast a due process violation as one for breach of a collective bargaining agreement where the motion was filed after the deadline set forth in the Rule 16

order for filing motions to amend the pleadings. *Leary*, 349 F.3d at 905-09. The court explained that Rule 16 "is designed to ensure that 'at some point both the parties and the pleadings will be fixed'" and that the Rule only permits modification to a scheduling order 'upon a showing of good cause.'" *Id.* at 906; *see* Fed. R. Civ. P. 16(b)(4). In determining whether good cause has been shown, the court must consider whether the amendment will prejudice the party opposing it. *Id.* The court found that the plaintiffs were aware of the basis of their claim for many months but failed to pursue the claim until after it was brought to their attention by the defendant's summary judgment motion. *Id.* at 908. And although the district court had made no express determination regarding prejudice, the court stated that the defendant would "obviously" suffer prejudice if the plaintiffs were permitted to file their amended complaint that "essentially transformed the original due process claims into new claims for breach of the CBA." *Id.* at 908. The court further found that prejudice could be shown by the fact that discovery would have to be reopened on the issue of damages if the amendment was permitted. *Id.* at 908-09.

In *Korn*, the court explained that prejudice is merely a consideration that informs whether the movant has satisfied the "good cause" requirement of the *Leary* standard. *Korn*, 382 Fed. Appx at 450. However, "to satisfy the *Leary* standard, [the movant] must also explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order." *Id*. Thus, where the plaintiff sought leave to amend his complaint approximately six weeks after the close of discovery and two weeks after the pre-trial motion filing deadline, the court found that even if there was no prejudice to the opposing party, the movant had not satisfied the *Leary* standard where he failed to explain why, after receiving actual knowledge of facts underlying the claim he sought to assert, he waited to seek leave to amend until after the expiration of discovery and motion filing deadlines. *Id*.

The court finds the *Leary* standard applicable in this case. The proposed amended complaint includes none of the factual allegations that form the basis of claims in the original complaint. Rather, the factual allegations in Plaintiff's proposed amended complaint have an entirely different focus, i.e. on Defendant's assets rather than expenses, relying on various income tax returns and a Ft. Wayne Radiology Associates Payment History Report. Allowing Plaintiff to amend the complaint would require modification of the scheduling order by setting a new discovery deadline and, presumably, a new dispositive motion filing deadline, not to mention a new trial date, which was scheduled to commence in less than two weeks. The court, therefore, will apply the *Leary* standard in determining Plaintiff's motion to amend the complaint.

In doing so, the court finds that Plaintiff has failed to show cause for moving to amend the complaint at this late date. Plaintiff states only that its former counsel erred in classifying Defendant's tax debts as consumer debts. However, as Defendant argues, the fact that tax debt is not considered to be a consumer

3

12-03156-maw    Doc 56    FILED 04/02/14    ENTERED 04/02/14 13:35:10    Page 3 of 4

debt has long been the law in this jurisdiction. *See Internal Revenue Service v. Westberry (In re Westberry)*, 215 F.3d 589 (6th Cir. 2000). Furthermore, the fact that tax debts are not considered consumer debts was brought to the forefront in Defendant's answer to the original complaint and again in his motion for summary judgment filed on January 15, 2014. Yet Plaintiff took no steps to amend its complaint.

There is no suggestion here that Plaintiff did not have knowledge of the facts underlying its § 707(a) claim alleged in the proposed amended complaint. Discovery closed on February 28, 2014. According to Defendant, all of the income tax returns that Plaintiff relies upon and has attached as exhibits to its motion to amend its complaint were provided to Plaintiff by October 8, 2013, with some of the returns having been provided before the original complaint was even filed, and the Ft. Wayne Radiology Summary of Payments that Plaintiff relies upon was provided in December 2013. Plaintiff has not argued otherwise. As in *Leary*, Plaintiff was aware of the basis of its claim for months but failed to pursue the claim until after Defendant filed his motion for summary judgment.

And although Plaintiff argues that Defendant will not be prejudiced if its motion is granted, as in *Leary,* the fact that an entirely new claim is being asserted, requiring discovery to be reopened, constitutes prejudice. In any event, even if there is no prejudice, Plaintiff's failure to show cause as to why it did not earlier seek to amend the complaint is sufficient reason to deny its motion.

Finally, the proper vehicle for seeking dismissal under § 707(a) is by motion, not by a complaint in an adversary proceeding. *See* Fed. R. Bankr. P. 7001 (listing proceedings that are adversary proceedings); Fed. R. Bankr. P. 9014(a) (providing that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion). Because neither § 707 nor the Bankruptcy Rules impose a deadline for filing a motion under § 707(a), *see In re Gharraph*, 496 B.R. 875, 879 (Bankr. S.D. Ohio 2013), denial of Plaintiff's Motion will result in no prejudice to Plaintiff.

For the foregoing reasons, and those stated at the hearing on the Motion, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [Doc. # 44] be, and hereby is, **DENIED.**

###

4

12-03156-maw    Doc 56    FILED 04/02/14    ENTERED 04/02/14 13:35:10    Page 4 of 4